UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**JOHN LUCAS,** on behalf of himself
and all others similarly situated,

        Plaintiff

v.                             Case No.

ALCON LABORATORIES, INC., a
Delaware corporation,

        Defendant

## COMPLAINT

Plaintiff, John Lucas, on behalf of himself and all others similarly situated, alleges as follows:

### INTRODUCTION

1. Defendant Alcon Laboratories, Inc. ("Alcon") employs dozens of "Territory Managers" throughout the United States. Territory Managers install, maintain, and repair Alcon's surgical equipment in eye care centers, hospitals, and other medical offices in an assigned geographic region. Alcon classifies Territory Managers as exempt from the overtime protections of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, despite the fact that their primary job duties consist entirely of repairing Alcon's equipment on routine service calls. Due to Alcon's misclassification of Territory Managers, it fails to properly pay them for all of the time it requires them to work, systemically denying them their earned wages and overtime compensation through its company-wide policies and practices that violate the FLSA. Plaintiff seeks to represent other current and former Alcon Territory Managers in this collective action alleging

that Alcon misclassifies Territory Managers and fails to pay overtime wages as required by the FLSA. Plaintiff seeks relief from the court in the form of unpaid wages, liquidated damages, attorneys' fees, and costs of suit.

## JURISDICTION AND VENUE

2. This court has jurisdiction over this matter under 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a). The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. § 1391, in that during all times material hereto, Alcon employed Territory Managers and engaged in a business affecting commerce, within the Eastern District of Wisconsin.

## TRIAL BY JURY IS DEMANDED

3. Mr. Lucas demands that his claims be tried to a jury of his peers.

## PARTIES

4. Mr. Lucas is an adult male and currently resides at 4054 W. Abbott Avenue, Greenfield, Wisconsin. At all times material hereto, Mr. Lucas was an employee of the defendant as that term is defined pursuant to 29 U.S.C. § 201.

5. Defendant Alcon Laboratories, Inc. is a Delaware corporation with its corporate headquarters in Fort Worth, Texas, and maintains its surgical equipment division and other company operations in Irvine, California.

6. At all times relevant hereto, the defendant was an employer engaged in an industry affecting commerce, and has been a covered entity under the FLSA pursuant to 29 U.S.C. §§ 201, *et seq.*

## FACTUAL ALLEGATIONS

7. Alcon manufactures and distributes a variety of surgical, pharmaceutical, and vision-related products in the eye care industry. Alcon's products include surgical equipment for use by physicians and other medical professionals at eye care centers, hospitals, and other medical offices. Alcon also provides direct servicing of its surgical equipment at these locations, including installation, maintenance, and repairs.

8. Alcon employs Territory Managers throughout the country to perform the installation, maintenance, and repair of Alcon equipment. Each Territory Manager is assigned to a geographic region where they are responsible for performing these tasks at the direction of their supervisors. When a piece of Alcon equipment requires servicing, a Territory Manager travels to the office or facility where the equipment is located and performs the necessary installation, maintenance, or repair. Territory Managers are assigned their service calls either from the Alcon's customer service call center (the "ITC") or directly from Alcon's customers. Territory Managers also complete paperwork necessary to document and record each service call.

9. Alcon classifies Territory Managers into three positions: Territory Manager I, Territory Manager II, and Territory Manager III (collectively referred to as "Territory Managers"). These classifications may reflect experience and seniority, but all Territory Managers perform the same labor-intensive installation, maintenance, and

3

repair work regardless of job title or classification. Prior to using the title of Territory Manager, Alcon called these employees "Field Service Engineers." Alcon classifies its Territory Managers as exempt and pays them on a salaried basis.

10. Despite having the word "manager" in their title, Territory Managers do not oversee or supervise other employees, do not exercise independent judgment or discretion on matters of significance, and do not perform work related to the management policies or general business operations of Alcon. Instead, Territory Managers primarily perform non-exempt work by installing, maintaining, and repairing Alcon's medical and ophthalmological equipment across the country.

11. In addition to providing in-person services, Alcon provides a telephone technical support hotline that customers can call with any service related questions or to initiate service requests for Alcon surgical products. During regular business hours, this telephone hotline is staffed by employees at the lTC. However, before and after regular business hours, an external answering service forwards the calls to a Territory Manager assigned to answer after-hours calls. The responsibility for answering after-hours calls rotates between Territory Managers, with each being "on-call" for as much as two two-week periods (4 weeks total) each year. The Territory Manager that is on-call is responsible for answering, logging, and dispatching these calls after regular business hours, 7 days a week.

12. Alcon also requires Territory Managers to attend company meetings and training across the country. Each year Territory Managers are required to attend a National Service Meeting where Alcon provides information on new products, the health of the company, and promotes team-building among Territory Managers. Alcon also requires Territory Managers to travel to the ITC and complete required training on new and existing Alcon products.

13. Territory Managers regularly work more than 40 hours per week. However, because Alcon misclassifies these employees as exempt from the FLSA, they do not receive overtime compensation for all hours worked. Alcon's misclassification of its Territory Managers as exempt employees violates the FLSA and Territory Managers are entitled to back wages as a result of Alcon's conduct.

14. Plaintiff has been employed by Alcon since March 5, 2012 in the position of Territory Manager-Technical Services I. Plaintiff's job duties consist of installing, maintaining, and repairing equipment for Alcon in his regularly assigned territory of Southern Wisconsin and Northern Illinois, but Plaintiff also traveled to other locations as directed by Alcon.

15. Plaintiff has worked well over 40 hours per week, including work performed on weekends. Plaintiff was classified as exempt by Alcon and was compensated on a salary basis.

16. Plaintiff is informed and believes that Alcon maintains a policy and practice of classifying all of its Territory Managers as exempt under the FLSA and does not pay them earned overtime wages.

17. Plaintiff brings this action as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and a proposed collection of similarly situated employees defined as: All current and former Territory Managers employed by Alcon in the United States within the last three years.

18. Plaintiff, individually, and on behalf of other similarly situated employees defined above, seeks relief on a collective basis challenging Alcon's policy and practice of misclassifying its Territory Managers as exempt from the FLSA's overtime requirements and failing to properly pay Territory Managers for all hours worked, including overtime compensation. The number and identity of other similarly situated persons yet to opt-in and consent to be party plaintiffs may be determined from the records of Alcon, and potential opt-ins may be easily and quickly notified of the pendency of this action. Plaintiff's consent to join this action is attached as Exhibit 1.

**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

19. Plaintiff, on behalf of himself and all others similarly situated, re-alleges the allegations set forth above.

20. At all times material herein, Plaintiff and similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§201, *et seq.*

21. The FLSA regulates, among other things, the payment of minimum wages and overtime pay by employers engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. Alcon is subject to the requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

22. Plaintiff and all similarly situated employees are victims of Alcon's uniform and company-wide policies and practices that violate the FLSA. Alcon violated the FLSA by, among other things, misclassifying its Territory Managers as exempt from overtime and requiring them to work more than 40 hours per week without compensating them for overtime at one-and-one half times the employees' regular rates of pay. These policies and practices, in violation of the FLSA, have been applied to all Territory Managers employed by Alcon nationwide.

23. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from the FLSA's overtime pay obligations. None of the FLSA exemptions apply to Plaintiff and similarly situated Territory Managers.

24. Plaintiff and all similarly situated employees are entitled to damages equal to the unpaid overtime pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Alcon acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

25. Alcon has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages in this action, and/or prejudgment interest at the applicable legal rates. 29 U.S.C. §216(b).

26. As a result of the aforesaid violations of the FLSA's provisions, compensation has been unlawfully withheld by Alcon from Plaintiff and all similarly situated employees. Accordingly, Alcon is liable for all unpaid wages, together with an additional equal amount as liquidated damages, pre and post judgment interest, reasonable attorneys fees, and costs of this action. 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of a proposed collection of all other similarly situated, prays for relief as follows:

- A. An order certifying that this action may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the opt-in FLSA collection, apprising them of the pendency of this action, and permitting them to "opt-in" and assert timely FLSA claims;
- B. Judgment declaring that the actions of the defendant described herein have violated the plaintiff's FLSA rights under 29 U.S.C. §§ 201, *et seq.*;
- B. Judgment against defendant, awarding damages for all wages, salary, employment benefits and other compensation lost by reason of the violation;
- C. Judgment against the defendant awarding plaintiff costs, disbursements, prejudgment interest, and actual attorney's fees incurred in prosecuting this claim, together with interest on said attorney's fees;
- D. Liquidated damages;
- E. Pre- and post-judgment interest;
- F. Injunctive and declaratory relief to prohibit the unlawful acts, policies, and practices alleged herein, and
- G. Any other relief this Court deems necessary and just.

Dated this 27th day of May 2014.

                                           <u>s/ Robert M. Mihelich</u>
                                           Robert M. Mihelich
                                           State Bar No. 1022106
                                           Attorney for Plaintiff
                                           LAW OFFICES OF ROBERT M. MIHELICH
                                           2665 S. Moorland Road, Ste. 200
                                           New Berlin, WI 53151
                                           Phone: (262) 789-9300
                                           Fax: (262) 785-1729
                                           Email: attyrmm@bizwi.rr.com

## CONSENT TO JOIN ACTION FORM
## FAIR LABOR STANDARDS ACT OF 1938, 29 U.S.C. §216(B)

I have worked for Alcon for over the past two years. I want to joint this lawsuit alleging that Alcon has violated the Fair Labor Standards Act. I understand that this lawsuit seeks unpaid wages and/or overtime that may be owed to me, and that by jointing the lawsuit I will become a party-plaintiff.

I choose to be represented in this matter by Attorney Robert M. Mihelich of the Law Offices of Robert M. Mihelich and other attorneys with whom he may associate.

_JOHN P. LUCAS_
Name

_4054 W. ABBOTT AVE._
Address

_GREENFIELD, WI 53221_
City, State, Zip Code

_[signature]_
Signature

_20 MAY 2014_
Date signed

**EXHIBIT A**

11

Case 2:14-cv-00604-NJ   Filed 05/27/14   Page 11 of 11   Document 1